PEOPLE, Respondent, v. WELCH, Appellant.

No. 667; July 13, 1865.

**Larceny—Legal Tender Act.**—In Fixing Fifty Dollars as the value test of property stolen, in order to make the charge grand larceny, the legislature is not presumed to have contemplated national legislation thereafter making a new sort of money legal tender.

APPEAL from Contra Costa County.

Attorney General for respondent; Thomas A. Brown for appellant.

SAWYER, J.—The defendant was indicted for grand larceny. The statute provides that every person who shall feloniously steal goods, etc., "of the value of fifty dollars, or more, shall be deemed guilty of grand larceny": Wood's Digest, 337. According to the estimate of some of the defendant's witnesses, the value of the stolen property in the aggregate would be some twenty-five to thirty dollars, considerably less than the amount necessary to constitute grand larceny. On the cross-examination, the district attorney, under objection and exception on the part of the defendant, was allowed to show that these witnesses, in estimating the value of the property, took gold and silver coin as their standard of value. And there was some testimony, also drawn out under like objection and exception, relating to a difference in the value of the property in case United States legal tender notes should be taken as the standard.

At the close of the testimony, the court, at the request of the district attorney, and under objection and exception on

the part of defendant, among other instructions embodying a similar idea, gave the following:

"That the term 'the value of fifty dollars or more' used in the statute defining the crime of grand larceny means of the value of fifty dollars or more in any lawful money of the United States."

The grade of the crime was fixed by a statute of the state long prior to the passage of the legal tender act, and with reference to the money standard then established by law. Congress has not attempted to interfere with or change in any respects the legislation of the states upon the subject of crimes and punishments. It has created another kind of money to be used in the business transactions of the country, and made it a legal tender in payment of debts, etc. But this case involves no question of contract, or tender, and does not come within the purview of the act of Congress. The grade of the offense must be determined by the standard with reference to which it must be presumed to have been fixed by the legislature.

The jury found the defendant guilty of grand larceny, when there was testimony upon which, had it been believed, they might have found the value of the property to be less than fifty dollars estimated by the standard established by law at the time the act was passed. The jury, therefore, may have been misled by the instruction.

The judgment must be reversed and a new trial had, and it is so ordered.

We concur: Sanderson, C. J.; Shafter, J.; Rhodes, J.; Currey, J.